Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF NEBRASKA**

COLBY RINKER, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

JOHN DOE d/b/a "NE ROOFING," the person or entity that placed telephone solicitations from telephone number (402) 259-0196; and DOES 2–10,

Defendants.

Case No.: ___________________

**CLASS ACTION COMPLAINT**

## INTRODUCTION

1. This is a consumer class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and its implementing regulations, 47 C.F.R. § 64.1200. Defendant sent, and caused to be sent, unsolicited marketing text messages promoting roofing services under the name "NE Roofing" to Plaintiff and thousands of other consumers who never consented to receive them—including consumers whose numbers were listed on the National Do-Not-Call Registry.

2. Congress enacted the TCPA to stop precisely this conduct: the invasion of consumer privacy through unwanted telephonic marketing. Text messages are "calls" within the meaning of the TCPA.

3. Defendant's texts follow a repeated, scripted pattern. The same solicitation—"We are in Omaha offering free roof estimates. Would you be interested?"—was sent to Plaintiff twice, roughly five weeks apart, each time under a different purported sender name ("Annie," then "Alex"), from the same telephone number, (402) 259-0196. This pattern reflects a systematic marketing campaign directed at consumers en masse.

4. Defendant transmitted these messages while concealing its true identity, holding itself out only as "NE Roofing" and using rotating first names. Defendant's identity is presently ascertainable only through the records of the telephone carrier and messaging vendors associated with the offending number. Plaintiff therefore sues Defendant as a John Doe and will seek leave to conduct expedited discovery to identify Defendant, after which Plaintiff will amend to name it.

5. Plaintiff brings this action to stop Defendant's unlawful conduct and to recover statutory damages of $500 per violation, trebled to $1,500 for each knowing or willful violation, on behalf of himself and the Classes defined below.

**PARTIES**

6. Plaintiff Colby Rinker is a natural person residing in Omaha, Douglas County, Nebraska, and is a "person" as defined by 47 U.S.C. § 153(39).

7. At all relevant times, Plaintiff was the sole user and subscriber of the cellular telephone number ending in 6437 (the "Plaintiff Number"), which he used for personal, residential purposes.

8. Defendant John Doe is the person or entity that, doing business as "NE Roofing," placed or caused to be placed the telephone solicitations at issue from telephone number (402) 259-0196. Defendant's true name and capacity are presently unknown to Plaintiff. The (402) area code and the content of the messages, which state that the sender is "in Omaha," indicate that Defendant is located in or does business in Nebraska and this District. A search of the Nebraska

Secretary of State's corporate and business registry conducted on July 18, 2026 returned no corporation, limited liability company, or trade name registered under the name "NE Roofing," and no such business is otherwise identifiable in the Omaha market through public sources. Plaintiff will amend to allege Defendant's true name and capacity when ascertained through discovery.

9. Does 2–10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, who directed, authorized, ratified, or participated in the conduct alleged herein, including any messaging vendor or lead generator acting on Defendant's behalf. Plaintiff will amend to allege their true names and capacities when ascertained.

**JURISDICTION AND VENUE**

10. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, a federal statute. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

11. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant resides in or does business in Nebraska, uses a Nebraska (402) telephone number, holds itself out as operating "in Omaha," and directed the conduct at issue at consumers in this District.

12. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims—including the transmission and receipt of the offending text messages—occurred in this District, and because, on information and belief, Defendant resides in this District.

## THE TCPA AND DO-NOT-CALL FRAMEWORK

13. The TCPA and its regulations restrict telephone solicitations. A "telephone solicitation" is a message initiated to encourage the purchase of goods or services. 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15).

14. The regulations prohibit initiating any telephone solicitation to a residential telephone subscriber who has registered the number on the National Do-Not-Call Registry. 47 C.F.R. § 64.1200(c)(2). This protection extends to wireless numbers. 47 C.F.R. § 64.1200(e).

15. Separately, the regulations prohibit initiating any call for telemarketing purposes unless the caller has instituted and complied with the minimum internal do-not-call procedures set out in 47 C.F.R. § 64.1200(d), including maintaining a written do-not-call policy, training personnel, and maintaining an internal do-not-call list.

16. A private right of action exists for any person who receives more than one telephone solicitation within a 12-month period in violation of these regulations. 47 U.S.C. § 227(c)(5).

17. A plaintiff may recover the greater of actual damages or $500 per violation, and the court may treble that amount for knowing or willful violations. *Id.*

## FACTUAL ALLEGATIONS

18. Plaintiff registered the Plaintiff Number on the National Do-Not-Call Registry on December 17, 2004—more than 31 days before receiving the text messages described below—and it has remained registered at all relevant times.

19. Plaintiff has never had a business relationship with Defendant, never requested information from Defendant, and never provided Defendant with prior express invitation or permission to send marketing text messages to the Plaintiff Number.

20. On or about June 10, 2026, at approximately 12:50 p.m., Defendant sent a text message to the Plaintiff Number from telephone number (402) 259-0196 stating: "Hey Colby, it's Annie from NE Roofing. We are in Omaha offering free roof estimates. Would you be interested?"

21. On or about July 16, 2026, at approximately 2:30 p.m., Defendant sent a second, materially identical text message to the Plaintiff Number from the same telephone number, (402) 259-0196, stating: "Hey Colby, it's Alex from NE Roofing. We are in Omaha offering free roof estimates. Would you be interested?"

22. Each message was a "telephone solicitation" and was sent for a "telemarketing" purpose, as it promoted the commercial availability and purchase of Defendant's roofing services.

23. The two messages were sent within a single 12-month period.

24. The use of different first names ("Annie" and "Alex") for identical, scripted solicitations sent from the same number reflects that Defendant transmits these messages as part of a systematic, template-driven marketing campaign rather than individualized outreach, and that Defendant deliberately obscures the identity of the actual sender.

25. Plaintiff was harmed by Defendant's messages. He suffered an invasion of privacy, aggravation, nuisance, and the loss of use and enjoyment of his phone, including the depletion of device resources, and was subjected to the very intrusion the TCPA was designed to prevent.

26. On information and belief, Defendant sent substantially similar unsolicited marketing text messages to thousands of other consumers, using the same or similar templates and telephone numbers, without prior express invitation or permission and without regard to the recipients' Do-Not-Call registrations.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action under Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf of the following Classes:

> **National Do-Not-Call Registry Class:** All persons in the United States who, within four years before the filing of this action through the date of class certification, (a) received more than one text message in any 12-month period from or on behalf of Defendant, (b) promoting Defendant's goods or services, (c) to a residential or cellular telephone number, (d) that had been registered on the National Do-Not-Call Registry for at least 31 days at the time of the messages.

> **Internal Do-Not-Call Class:** All persons in the United States who, within four years before the filing of this action through the date of class certification, received more than one text message in any 12-month period from or on behalf of Defendant promoting Defendant's goods or services, at a time when Defendant had not instituted and complied with the internal do-not-call procedures required by 47 C.F.R. § 64.1200(d).

28. Excluded from the Classes are Defendant, its officers, directors, and employees; the Court and its staff; and Plaintiff's counsel.

29. *Numerosity (Rule 23(a)(1)).* The Classes are so numerous that joinder is impracticable. On information and belief, Defendant transmitted its scripted marketing texts to thousands of consumers. Class members are identifiable through Defendant's records and the records of its messaging vendors and carriers.

30. *Commonality (Rule 23(a)(2)).* Common questions include: whether Defendant sent marketing text messages; whether those messages were telephone solicitations or telemarketing; whether Defendant obtained prior express invitation or permission; whether Defendant maintained and complied with the internal procedures required by § 64.1200(d); and whether Defendant's violations were knowing or willful.

31. *Typicality (Rule 23(a)(3)).* Plaintiff's claims are typical of the Classes' claims because Plaintiff and each class member received substantially identical unsolicited marketing texts from Defendant and were injured by the same course of conduct.

32. *Adequacy (Rule 23(a)(4)).* Plaintiff will fairly and adequately protect the Classes' interests, has no conflicts with the Classes, and has retained counsel experienced in TCPA class litigation.

33. *Predominance and Superiority (Rule 23(b)(3)).* Common questions predominate over any individual questions, and a class action is superior because individual damages are small relative to the burden of litigation, making a class action the only practicable means of adjudication.

34. *Rule 23(b)(2).* Defendant has acted on grounds generally applicable to the Classes, making final injunctive relief appropriate as to the Classes as a whole.

**COUNT I**
**Violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)**
**(On behalf of Plaintiff and the National Do-Not-Call Registry Class)**

35. Plaintiff incorporates the preceding paragraphs.

36. Defendant initiated, or caused to be initiated, more than one telephone solicitation within a 12-month period to Plaintiff and members of the National Do-Not-Call Registry Class whose numbers were registered on the National Do-Not-Call Registry, in violation of 47 C.F.R. § 64.1200(c)(2).

37. Plaintiff and the Class are entitled to statutory damages of $500 per violation under 47 U.S.C. § 227(c)(5)(B), trebled to $1,500 per violation for Defendant's knowing or willful violations under § 227(c)(5)(C), and to injunctive relief.

**COUNT II**
**Violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On behalf of Plaintiff and the Internal Do-Not-Call Class)**

38. Plaintiff incorporates the preceding paragraphs.

39. Defendant initiated, or caused to be initiated, more than one telephone solicitation within a 12-month period to Plaintiff and the Internal Do-Not-Call Class without instituting and complying with the minimum internal do-not-call procedures required by 47 C.F.R. § 64.1200(d), including maintaining a written policy, training personnel, and maintaining an internal do-not-call list.

40. Plaintiff and the Class are entitled to statutory damages of $500 per violation under 47 U.S.C. § 227(c)(5)(B), trebled to $1,500 per violation for Defendant's knowing or willful violations under § 227(c)(5)(C), and to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully requests that the Court:

A. Certify the Classes and appoint Plaintiff as class representative and his counsel as class counsel;

B. Enter judgment awarding statutory damages of $500 per violation, trebled to $1,500 per knowing or willful violation;

C. Enter an injunction prohibiting Defendant from further violations of the TCPA; and

D. Award pre- and post-judgment interest, costs, and any other relief the Court deems just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 18, 2026

Respectfully submitted,

By: s/ Mark L. Javitch
Bar Number: CA 323729
Attorney for Plaintiff
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, California 94401
Telephone: (650) 781-8000
Fax: (650) 300-0343
Email: mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*