Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| COLBY RINKER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE d/b/a "NE ROOFING," the person or entity that placed telephone solicitations from telephone number (402) 259-0196; and DOES 2–10,<br><br>Defendants. | Case No.: 8:26-cv-00349-RCC<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |

Plaintiff Colby Rinker respectfully moves this Court, under Federal Rule of Civil Procedure 26(d)(1) and Nebraska Civil Rule 7.1(a), for leave to serve limited third-party discovery before the Rule 26(f) conference for the sole purpose of identifying the unknown Defendant. Good cause exists because Defendant sent the text messages at issue anonymously, and the records held by the telephone provider associated with the number Defendant used are the only remaining means of learning Defendant's identity and effecting service of process.

Defendant transmitted both solicitations from telephone number (402) 259-0196, identifying itself only as "NE Roofing" and using a different first name each time. A carrier lookup identifies that number as a Voice over Internet Protocol line associated with Bandwidth. No entity

or trade name "NE Roofing" is registered with the Nebraska Secretary of State, and the number is not associated with any identifiable business through public sources. Plaintiff asked Bandwidth directly to identify the accountholder; Bandwidth's Legal Department replied that its legal-process address serves authorized entities only and that it cannot act on inquiries from members of the general public.

Plaintiff therefore requests leave to serve a subpoena under Federal Rule of Civil Procedure 45 on Bandwidth.com CLEC, LLC seeking only the information necessary to identify the person or entity that used the number, and, because that response may identify a reseller or intermediary rather than the sender itself, leave to serve follow-on subpoenas on any such entity without returning to the Court for further leave.

Pursuant to Nebraska Civil Rules 7.1(e) and 7.1(g), no oral argument is requested and this motion is submitted on the briefs. The motion is supported by the following documents filed concurrently: the Brief in Support of this Motion, the Index of Evidence, the Declaration of Mark L. Javitch and the exhibits attached thereto, and Plaintiff's proposed Rule 45 subpoena, which is attached as Exhibit 1 to the Javitch Declaration. Pursuant to Nebraska Civil Rule 7.2, a proposed Order is submitted to the assigned judge's chambers by e-mail rather than filed.

Nebraska Civil Rule 7.1(j) requires personal consultation with opposing parties before a motion to compel discovery. That requirement does not apply to this motion. The sole Defendant is presently unidentified and has not been served with, or appeared in, this action, so there is no opposing party with whom Plaintiff can consult. Plaintiff brings this motion precisely to obtain the limited discovery necessary to identify and serve that Defendant.

Dated: July 19, 2026 Respectfully submitted,

By: s/ Mark L. Javitch
Bar Number: CA 323729
Attorney for Plaintiff
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, California 94401
Telephone: (650) 781-8000
Fax: (650) 300-0343
Email: mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*