Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| COLBY RINKER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE d/b/a "NE ROOFING," the person or entity that placed telephone solicitations from telephone number (402) 259-0196; and DOES 2–10,<br><br>Defendants. | Case No.: 8:26-cv-00349-RCC<br><br>**BRIEF IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY** |

## INTRODUCTION

Plaintiff Colby Rinker seeks leave to serve a single, narrowly tailored subpoena under Federal Rule of Civil Procedure 45 on the third party able to identify the Defendant in this action—a telemarketer that sent Plaintiff unsolicited roofing-services text messages in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), and then concealed its identity.

Defendant transmitted both messages from telephone number (402) 259-0196, identifying itself only by the trade name "NE Roofing" and a rotating first name, and disclosed no legal entity, address, or website. Compl. ¶¶ 3–4, 20–21; Javitch Decl. ¶¶ 3–5; Ex. 2. Plaintiff cannot name or

serve Defendant without limited discovery from the party that possesses Defendant's identity: Bandwidth.com CLEC, LLC, which provisions that number. This Court granted materially identical relief—leave to take expedited discovery and to serve Rule 45 subpoenas to identify Doe defendants—in *Urban Armor Gear, LLC v. Does*, No. 8:19CV414, 2019 U.S. Dist. LEXIS 189264 (D. Neb. Oct. 30, 2019) (Nelson, J.), and again last month in *Fabrikant v. John Doe d/b/a Insurance Enterprise USA*, No. 4:26CV3192, 2026 U.S. Dist. LEXIS 143071, 2026 WL 1862262, (D. Neb. June 29, 2026) (Nelson, M.J.), a TCPA case in which the defendant concealed its identity behind a telephone number whose subscriber records were held by a third party. The same good cause exists here, and the Court should grant the motion.

## STATEMENT OF FACTS

Plaintiff uses the cellular telephone number ending in 6437 (the "Subject Number") for personal, residential purposes, and registered it on the National Do-Not-Call Registry on December 17, 2004, where it has remained at all relevant times. Compl. ¶¶ 7, 18; Javitch Decl. ¶ 6; Ex. 3. On June 10, 2026 at approximately 12:50 p.m., and again on July 16, 2026 at approximately 2:30 p.m., Defendant sent marketing text messages to the Subject Number from telephone number (402) 259-0196. Compl. ¶¶ 20–21; Javitch Decl. ¶ 3; Ex. 2. Both messages solicited the purchase of roofing services, offering free roof estimates "in Omaha." Compl. ¶ 22; Javitch Decl. ¶ 4. Plaintiff never consented to the messages and had no business relationship with Defendant. Compl. ¶ 19.

Defendant has deliberately concealed its true legal identity. The two messages were materially identical but attributed to different senders—"Annie" in the first and "Alex" in the second—and neither disclosed any legal entity, business address, or website. Compl. ¶¶ 3–4, 24; Javitch Decl. ¶¶ 4–5. Plaintiff has undertaken reasonable efforts to identify Defendant: he searched

for "NE Roofing" as a business in the Omaha market and found none; he searched the Nebraska Secretary of State's Corporate and Business Entity database, which returned six entities, none of them "NE Roofing"; and he searched public sources for the Subject Number itself without result. Compl. ¶ 8; Javitch Decl. ¶¶ 8–10; Ex. 5.

Plaintiff then conducted a carrier lookup, which identified the Subject Number as a Voice over Internet Protocol line associated with Bandwidth. Javitch Decl. ¶ 11; Ex. 4. Plaintiff wrote to Bandwidth requesting the accountholder's identity and the preservation of related records. Javitch Decl. ¶ 12. Bandwidth responded that its legal-process address is for authorized entities only and that its response team cannot act on inquiries from members of the general public, and it did not provide the requested information. Javitch Decl. ¶ 13; Ex. 6. Defendant's identity therefore cannot be ascertained without limited discovery from the third party that possesses it. Javitch Decl. ¶¶ 15–17. The proposed subpoena is attached as Exhibit 1 to the Declaration of Mark L. Javitch. Javitch Decl. ¶ 18 & Ex. 1.

**LEGAL STANDARD**

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The Eighth Circuit "has not expressly adopted a standard for considering motions for expedited discovery," but "[d]istrict courts within the Eighth Circuit generally utilize the good cause standard." *Harrington v. Strong*, No. 8:18CV383, 2018 U.S. Dist. LEXIS 170846, at 2 (D. Neb. Oct. 3, 2018) (Nelson, J.); accord *Strike 3 Holdings, LLC v. Doe,* No. 18-cv-0778 (PJS/HB), 2018 U.S. Dist. LEXIS 83727, 2018 WL 2278111, at 4 (D. Minn. May 18, 2018) (internal citation omitted).

Under that standard, the requesting party must "show the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to [the] responding party." *McDonald Apiary, LLC v. Starrh Bees, Inc.*, No. 8:14CV351, 2015 U.S. Dist. LEXIS 179580, 2015 WL 11108872, at 3 (D. Neb. Apr. 8, 2015) (quotation omitted). The court "examine[s] the entirety of the record to date and the reasonableness of the request . . . in light of surrounding circumstances," *Harrington*, 2018 U.S. Dist. LEXIS 170846, at 3 (citation omitted), and courts "commonly consider the breadth and timing of the requests, their purpose, and the burden on the responding party." *Empirical Foods, Inc. v. Primus Builders, Inc*., No. 8:19CV457, 2020 U.S. Dist. LEXIS 155570, at 44, 2020 WL 5064220 (D. Neb. Aug. 27, 2020). "Motions for expedited discovery are typically granted if the requests are narrowly tailored." *Id*.

## I. GOOD CAUSE EXISTS BECAUSE PLAINTIFF CANNOT IDENTIFY OR SERVE DEFENDANT WITHOUT THE REQUESTED DISCOVERY

Last month this Court granted the identical relief on materially indistinguishable facts. In *Insurance Enterprise USA*, 2026 U.S. Dist. LEXIS 143071, 2026 WL 1862262, the plaintiff sued an unidentified telemarketer that, as alleged, had "deliberately concealed its legal identity by routing its telemarketing through a toll-free number whose subscriber records are held by a third-party." *Id*. at *2.

The Court granted leave to serve Rule 45 subpoenas on the provider of that number and related third parties, finding that the plaintiff "has shown good cause to conduct the limited discovery requested," and that there was "no indication that Plaintiff has 'any reasonable alternative to . . . subpoenas to obtain the [identity]' of the John Doe Defendants." *Id.* at 2 (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241-42 (S.D.N.Y. 2012)). Defendant here concealed its identity the same way—behind a telephone number whose subscriber records are

held by a third-party provider—and Plaintiff faces the same absence of alternatives. Javitch Decl. ¶¶ 8–17.

This Court has found good cause for early discovery in precisely this situation—where a plaintiff needs limited third-party discovery to identify a Doe defendant. In *Urban Armor Gear*, Magistrate Judge Nelson granted the plaintiff leave "to Take Limited, Expedited Discovery and to Serve Rule 45 Subpoenas" on third parties so that the plaintiff "may uncover the identities of the John Doe Defendants," holding that "[w]ithout granting Plaintiff's discovery request, it is doubtful that Plaintiff will be able to identify the John Doe Defendants and this litigation will be unable to proceed." *Urban Armor Gear*, 2019 U.S. Dist. LEXIS 189264, at *1-2,* 4-5. The court found "no indication that Plaintiff has any reasonable alternative to . . . subpoenas to obtain the [identity]" of the Does. *Id.* at *5 (*quoting *Digital Sin, Inc. v. Does 1-176,* 279 F.R.D. 239, 241-42 (S.D.N.Y. 2012)). The same is true here: Defendant's identity is held by Bandwidth.com CLEC, LLC, which provisions the Subject Number, and Plaintiff has no reasonable alternative means of obtaining it—he asked Bandwidth directly and was refused. Javitch Decl. ¶¶ 12–17; Ex. 6.

*First Nat'l of Neb., Inc. v. Does 1-5*, No. 8:06CV504, 2006 U.S. Dist. LEXIS 53881 (D. Neb. July 26, 2006), is another case that is directly on point. There, the court granted leave to serve Rule 45 subpoenas on "web hosts, script hosts, domain registrars, e-mail service providers, . . . and ISP's" "for the limited purpose of . . . identifying and locating the Doe Defendants," and suspended the Rule 26(f) "meet and confer" requirement "until the 'Doe' Defendants are identified." *Id.* at *3.* The court reasoned that "plaintiffs need the requested information to proceed further, and the court cannot discern any undue prejudice that will accrue to defendants from the discovery proposed.*"* *Id. at* 3. Plaintiff seeks the same relief against the same kind of third party.

Courts across the circuit are also in accord. In *Loeffler v. City of Anoka*, No. 13-cv-2060 (MJD/TNL), 2015 U.S. Dist. LEXIS 190598 (D. Minn. Dec. 16, 2015), the court permitted a plaintiff to subpoena a third party to identify a Doe defendant because the plaintiff "[could not] confirm the unnamed defendant's identity absent a subpoena," *id.* at *3,* observing that "[c]ourts have permitted limited, expedited discovery prior to the Rule 26(f) conference in order to determine the true identity of a doe defendant." *Id*. at 2.

The Eighth Circuit confirms that Plaintiff is entitled to this opportunity. In *Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985), the court held it "improper" to dismiss a John Doe defendant "at such an early juncture" where the complaint pleaded specific allegations, explaining that the district court "should have ordered disclosure of [the Doe's] identity . . . or permitted the plaintiff to identify the [defendant] through discovery," and that "[d]ismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention." *Id.* at 1257.

Indeed, "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff's Complaint pleads such specific allegations—the exact number used, the trade name, the market, and the date, time, and content of each message—and the requested discovery is the reasonable means of ascertaining Defendant's identity. Compl. ¶¶ 3, 8, 20–24.

## II. THE REQUESTED DISCOVERY IS NARROWLY TAILORED

"Motions for expedited discovery are typically granted if the requests are narrowly tailored." *Empirical Foods*, 2020 U.S. Dist. LEXIS 155570, at 44. Plaintiff's proposed subpoena seeks only the information necessary to identify Defendant: the accountholder, wholesale

customer, or customer of record for the Subject Number, associated account and registration records, any messaging campaign registration identifying the registered business, and porting records. Ex. 1; Javitch Decl. ¶ 18. The subpoena does not seek the contents of any communication and is confined to identity and contact information. *Id*. That is the same limited scope this Court approved in *Urban Armor Gear* and *First Nat'l of Neb*.

Because Bandwidth is a wholesale provider whose customer of record may itself be a reseller rather than the sender, Plaintiff also requests leave to serve follow-on subpoenas on any intermediary identified in response, limited to the same identifying categories. Javitch Decl. ¶ 14. That authorization will permit Plaintiff to complete the identification without a second round of motion practice.

### III. THE DISCOVERY POSES NO PREJUDICE TO THE THIRD PARTY OR TO DEFENDANT

The subpoenaed third party faces no meaningful burden. The subpoena seeks a discrete set of business records for a single telephone number—records Bandwidth maintains in the ordinary course and has confirmed it will produce upon valid legal process. Javitch Decl. ¶¶ 13–14, 17; Ex. 6. Courts confronting comparable requests have found no prejudice. *See First Nat'l of Neb.*, 2006 U.S. Dist. LEXIS 53881, at *3* (court "cannot discern any undue prejudice"); *Loeffler*, 2015 U.S. Dist. LEXIS 190598*, at* 3 (prejudice to responding third party "minimal").

Nor is Defendant prejudiced: discovering a defendant's identity so that it may be served impairs no legitimate interest, and because Defendant's identity is unknown, Plaintiff cannot give the pre-service notice that Rule 45(a)(4) would otherwise require. *See* Fed. R. Civ. P. 45(a)(4); *Urban Armor Gear*, 2019 U.S. Dist. LEXIS 189264, at *5* (recognizing that a plaintiff "cannot give notice to opposing parties prior to issuance of the subpoena" where the Doe defendants' identities are unknown); *Insurance Enterprise USA*, 2026 U.S. Dist. LEXIS 143071, 2026 WL 1862262,

Order at 2 (same). The same is true of this Court's local rule: Nebraska Civil Rule 45.1(a) requires notice to the adverse party before a subpoena to a nonparty issues, but there is no adverse party to notify until Defendant is identified and served.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to serve the Rule 45 subpoena attached as Exhibit 1 to the Declaration of Mark L. Javitch.

Dated: July 20, 2026 Respectfully submitted,

By: s/ Mark L. Javitch
Bar Number: CA 323729
Attorney for Plaintiff
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, California 94401
Telephone: (650) 781-8000
Fax: (650) 300-0343
Email: mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*

**NEBRASKA CIVIL RULE 7.1(d)(4) CERTIFICATE OF COMPLIANCE**

Pursuant to Nebraska Civil Rule 7.1(d)(4)(A), the undersigned certifies that this Brief in Support of Plaintiff's Motion for Leave to Take Expedited Discovery contains 2,282 words. The certifying author relies on the word-count function of Microsoft Word for Office 365 and certifies that the function was applied to include all text, including the caption, headings, footnotes, and quotations.

Pursuant to Nebraska Civil Rule 7.1(d)(4)(B), the undersigned further certifies that the undersignedhas verified the accuracy of all generated text, including all citations and legal authority.

s/ Mark L. Javitch