IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLBY RINKER, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE, the person or entity that placed telephone solicitations from telephone number (402) 259-0196; and DOES 2-10,<br><br>Defendants. | **8:26CV349**<br><br><br><br>**ORDER** |

This matter is before the court on Plaintiff's Motion for Leave to Take Expedited Discovery. (Filing No. 3). For the following reasons, that motion is granted in part.

Plaintiff commenced this putative class action on July 18, 2026, against "John Doe d/b/a 'NE Roofing,'" an unidentified person or entity, and Does 2–10. (Filing No. 1). *See Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) ("[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.") Plaintiff alleges that the unknown defendant sent unsolicited marketing text messages promoting roofing services to Plaintiff's cell phone number, which has been registered on the National Do-Not-Call Registry since 2004, and to thousands of other consumers, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), and its implementing regulations, 47 C.F.R. § 64.1200(c) and (d). (Filing No. 1, at paras. 1-5, 18-26). Plaintiff alleges the defendant deliberately concealed its identity by transmitting its solicitations from a single telephone number, (402) 259-0196, while identifying itself only by the trade name "NE Roofing" and a different first name on each occasion. (Filing No. 1, at paras. 3-4, 24).

Plaintiff moves for leave to serve limited discovery before the Rule 26(f) conference, seeking to serve a subpoena under Fed. R. Civ. P. 45 on Bandwidth.com CLEC, LLC, the provider associated with telephone number (402) 259-0196. (Filing No. 3, at pp. 1-2). Because the subpoena's sole purpose is to identify the defendant, who remains unknown and unserved, Plaintiff has no opposing party to confer with under Rule 26(f) or to notify under Rule 45(a)(4). The proposed subpoena seeks documents sufficient to identify the accountholder, subscriber, wholesale customer, or customer of record for that number, along with associated registration, messaging-campaign, and porting records. (Filing No. 4-1, Ex. 1). Plaintiff represents that a search for "NE Roofing" as a business in the Omaha market and a search of the Nebraska Secretary of State's Corporate and Business Entity database returned no results, and that Bandwidth's Legal Department declined a direct request for the accountholder's identity, stating it cannot act on inquiries from the general public. (Filing No. 4-1, at paras. 8-13). Plaintiff also requests leave to serve follow-on subpoenas on any reseller or intermediary Bandwidth's response identifies, without further leave of court.

Under Federal Rule of Civil Procedure 26(d)(1), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except…when authorized by court order." Fed.R.Civ.P. 26(d)(1). Plaintiff must show good cause to obtain a court order permitting expedited discovery. *Empirical Foods, Inc. v. Primus Builders, Inc.*, 2020 WL 5064220, at \*15 (D. Neb. Aug. 27, 2020). Under that standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party. *Id.* Motions for expedited discovery are typically granted where the requests are narrowly tailored. *Id.,* at \*16.

The court finds that Plaintiff has shown good cause for the limited discovery requested here. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012) (finding expedited discovery appropriate to identify John Doe defendants). Plaintiff's allegations identify the specific telephone number, trade name, and content and dates of

the solicitations at issue, and describe the steps Plaintiff has taken to identify Defendant through public records and a direct request to Bandwidth, without success. (Filing No. 4-1, at paras. 7-17). There is no indication that Plaintiff has any reasonable alternative to a subpoena to obtain Defendant's identity. *See Digital Sin*, 279 F.R.D. at 241-42. Courts in this district have granted materially identical relief on similar facts. *See Fabrikant v. John Doe d/b/a Insurance Enterprise USA*, No. 4:26CV3192, 2026 WL 1862262 (D. Neb. June 29, 2026) (granting leave to serve subpoenas to identify an unknown telemarketing defendant who concealed its identity behind a number whose subscriber records were held by a third party).

The proposed subpoena is narrowly tailored, seeking only records sufficient to identify the person or entity associated with the telephone number at issue, not the contents of any communication. Because Defendant remains unidentified, Plaintiff cannot give the notice to opposing parties that Rule 45(a)(4) would otherwise require. *See* Fed. R. Civ. P. 45(a)(4). The court is not persuaded that any cognizable prejudice results to the defendant or to the responding third party from the limited discovery requested. Blanket authorization for subpoenas to unidentified future entities, however, is not similarly narrow. Should Bandwidth's response identify a reseller, wholesale customer, or other intermediary, Plaintiff must seek leave of court, supported by an affidavit describing the information obtained and the additional discovery sought, before serving any further subpoena.

Accordingly, IT IS ORDERED that:

1. Plaintiff's Motion for Leave to Take Expedited Discovery (Filing No. 3) is granted in part and denied in part.
2. Plaintiff may serve a subpoena under Federal Rule of Civil Procedure 45 on Bandwidth.com CLEC, LLC seeking documents and information sufficient to identify the person or entity that subscribed to, was assigned, or used telephone number (402) 259-0196 between June 1, 2026 and the present, including:

a. the name, address, telephone number, and email address of the accountholder, subscriber, wholesale customer, reseller, or customer of record to whom the number was assigned;

b. account and registration records associated with the assignment or use of the number, including billing address and registration data;

c. messaging campaign registration records associated with the number, including any records identifying the registered brand or business; and

d. porting records reflecting whether the number was ported into or out of the provider's network, and the identity of any gaining or losing carrier.

3. Plaintiff's request for advance authorization to serve follow-on subpoenas on any reseller, wholesale customer, or intermediary identified in Bandwidth's response, without further leave of court, is denied without prejudice. Should Bandwidth's response identify such an entity, Plaintiff shall seek leave of court, supported by an affidavit describing the information obtained and the additional discovery sought, before serving any further subpoena.

4. Any subpoena issued under this Order shall be limited to information reasonably necessary to identify the Defendant and effect service of process. Plaintiff shall not seek the contents of any communications pursuant to this Order.

5. Any person or entity served with a subpoena under this Order shall respond within the time provided by Rule 45 and shall preserve all records responsive to the subpoena pending its response.

6. Plaintiff shall file an amended complaint naming the Defendant within thirty (30) days after obtaining information sufficient to identify the Defendant.

7. Nothing in this Order precludes any subpoena recipient or affected person from moving to quash or modify a subpoena under Rule 45.

Dated this 22nd day of July, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

4