Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| COLBY RINKER, individually, and on behalf of all similarly situated,<br>Plaintiff,<br>v.<br>JOHN DOE d/b/a "NE ROOFING," et al.<br>Defendants. | Case No.: 8:26-cv-00349-RCC<br><br>**BRIEF IN SUPPORT OF RENEWED MOTION FOR LEAVE TO SERVE A FOLLOW-ON SUBPOENA** |

## INTRODUCTION

This Court authorized Plaintiff to serve a subpoena on Bandwidth.com CLEC, LLC to identify the Defendant, and denied without prejudice Plaintiff's request to serve follow-on subpoenas, directing Plaintiff to seek leave supported by an affidavit "describing the information obtained and the additional discovery sought" should Bandwidth's response identify a further entity. Order of July 22, 2026. It has. Bandwidth responded that the number at issue was assigned to its wholesale customer, Peerless Networks, Inc., and that this wholesale customer "is the only source for complete records and information relating to the telephone number and subscriber." Plaintiff now seeks leave, as directed, to serve a single subpoena on Peerless.

## ARGUMENT

*The good cause the Court already found is now confirmed and narrowed to a single, identified custodian.* When the Court granted leave to subpoena Bandwidth, the identity of the entity holding the Defendant's information was not yet known. Bandwidth's response has resolved that: Peerless Networks, Inc. is the wholesale customer to whom the Subject Number was assigned, and Bandwidth has represented that Peerless is the entity able to identify the subscriber. Supp. Javitch Decl. ¶¶ 5–7. The same reasoning that supported the Bandwidth subpoena applies with greater force here, because the custodian is no longer inferred but identified.

*The proposed subpoena stays within the limits the Court set.* The Court limited discovery to information "reasonably necessary to identify the Defendant and effect service of process" and barred any request for the contents of communications. The proposed Peerless subpoena is confined to that scope: it seeks documents sufficient to identify the subscriber or accountholder for the Subject Number, the associated billing and registration information, and any downstream reseller or messaging provider through which the text messages were sent. Supp. Javitch Decl. ¶ 8 & Ex. 1. Bandwidth's response makes the last category necessary, because it disclosed that the number carried voice service through Peerless while the text messages at issue were routed elsewhere; Peerless is positioned to identify that messaging path. Supp. Javitch Decl. ¶¶ 4–7.

*Proceeding now is necessary to keep the case moving.* Until the Defendant is identified, Plaintiff cannot serve it or proceed under Rule 4(m). This Court has permitted successive third-party discovery to identify a Doe defendant where each step leads to the next custodian. *See First Nat'l of Neb., Inc. v. Does 1-5*, 2006 U.S. Dist. LEXIS 53881, at *3 (D. Neb. July 26, 2006);* Urban Armor Gear, LLC v. Does*, 2019 U.S. Dist. LEXIS 189264, at* 4-5 (D. Neb. Oct. 30, 2019).

## CONCLUSION

Plaintiff respectfully requests that the Court grant leave to serve the proposed subpoena on Peerless Networks, Inc.

Dated: September 2, 2026

Respectfully submitted,

By: s/ Mark L. Javitch
Bar Number: CA 323729
Attorney for Plaintiff
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, California 94401
Telephone: (650) 781-8000
Fax: (650) 300-0343
Email: mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*