Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF NEBRASKA**

COLBY RINKER, individually, and on behalf of all similarly situated,

Plaintiff,

v.

JOHN DOE d/b/a "NE ROOFING," et al.

Defendants.

Case No.: 8:26-cv-00349-RCC

**SUPPLEMENTAL DECLARATION OF MARK L. JAVITCH**

I, Mark L. Javitch, declare as follows:

1. I am counsel of record for Plaintiff Colby Rinker. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I submit this supplemental declaration pursuant to the Court's Order of July 22, 2026, to describe the information obtained from Bandwidth and the additional discovery sought.

2. On July 27, 2026, pursuant to the Court's Order, I caused the authorized subpoena to be served on Bandwidth.com CLEC, LLC through its registered agent, Corporation Service Company, in Wilmington, Delaware.

3. On August 27, 2026, Bandwidth's Legal Department responded to the subpoena. A true and correct copy of Bandwidth's response is attached as Exhibit 2.

4. Bandwidth stated that the telephone number (402) 259-0196 was not on Bandwidth's network for short message service (SMS) during the specified time period, and that Bandwidth therefore has no responsive customer records for SMS use.

5. Bandwidth further stated that, during the specified time period, the telephone number was assigned to a wholesale customer of Bandwidth for voice services, and identified that wholesale customer as Peerless Networks, Inc., 222 South Riverside Plaza, Ste. 2730, Chicago, Illinois 60606.

6. Bandwidth stated that, as a wholesale provider, it does not provide services to or have a relationship with the subscriber of a telephone number, that its wholesale customer is the service provider to the subscriber and the entity that can identify the subscriber, and that the wholesale customer "is the only source for complete records and information relating to the telephone number and subscriber."

7. Based on Bandwidth's response, Peerless Networks, Inc. is the entity able to identify the person or entity that used the Subject Number to send the text messages at issue, or to identify the further reseller or messaging provider through which those messages were sent.

8. The additional discovery Plaintiff seeks is a single Rule 45 subpoena to Peerless Networks, Inc., limited to information reasonably necessary to identify the Defendant and effect service of process. The proposed subpoena does not seek the contents of any communication. A true and correct copy of the proposed subpoena, including Schedule A, is attached as Exhibit 1.

9. Plaintiff does not seek to expand the scope of discovery authorized by the Court's Order of July 22, 2026. The proposed subpoena is confined to the same categories of identifying information the Court has already approved, directed to the entity Bandwidth has identified as the custodian of that information.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the date stated below at San Mateo, California.

Dated: September 2, 2026

Respectfully submitted,

By: s/ Mark L. Javitch
Bar Number: CA 323729
Attorney for Plaintiff
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, California 94401
Telephone: (650) 781-8000
Fax: (650) 300-0343
Email: mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*