# EXHIBIT 1

Proposed Subpoena to Produce Documents to Peerless Networks, Inc., with Schedule A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nebraska

COLBY RINKER, individually and on behalf of all others similarly situated

*Plaintiff*

v.

JOHN DOE d/b/a "NE ROOFING," et al.

*Defendant*

Civil Action No. 8:26-cv-00349

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Peerless Networks, Inc., 222 South Riverside Plaza, Ste. 2730, Chicago, IL 60606

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A, attached.

| Place: Nearest USPS mailbox to Your location, postage prepaid to Javitch Law Office, 3 E. 3rd Ave., Ste. 200, San Mateo, CA 94401 | Date and Time: October 2, 2026, 10:00 a.m. |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 2, 2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

s/ Mark L. Javitch
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Colby Rinke , who issues or requests this subpoena, are:
Mark L. Javitch (CA SBN 323729), Javitch Law Office, San Mateo, CA 94401; mark@javitchlawoffice.com; (650) 781-8000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**Case No. 8:26-cv-00349**

SCOPE OF THIS SUBPOENA

This subpoena is issued pursuant to the Court's Order granting Plaintiff leave to serve a follow-on subpoena on the wholesale customer identified in the response of Bandwidth.com CLEC, LLC. Consistent with the Court's prior Order entered July 22, 2026, this subpoena is limited to information reasonably necessary to identify the Defendant and to effect service of process. It does not seek the contents of any communication.

PLACE AND MANNER OF COMPLIANCE

The place of compliance is the nearest USPS mailbox or collection receptacle to Your location, into which responsive documents shall be deposited, postage prepaid, addressed to Javitch Law Office, 3 East 3rd Ave., Ste. 200, San Mateo, CA 94401. In lieu of mailing, You may produce responsive documents by email to mark@javitchlawoffice.com. No appearance, travel, or personal attendance of any kind is required, and production by either method fully satisfies this subpoena.

DEFINITIONS

1. "Subject Number" means telephone number (402) 259-0196.

2. "Relevant Period" means June 1, 2026 through the date of production.

3. "You" and "Your" mean Peerless Networks, Inc., and any predecessor, successor, subsidiary, affiliate, officer, employee, or agent acting on its behalf.

4. "Document" has the broadest meaning permitted under Fed. R. Civ. P. 34(a)(1)(A), including electronically stored information, and includes any account record, registration record, billing record, contract, database entry, or report.

## INSTRUCTIONS

1. Each request seeks only documents sufficient to identify the person or entity that was assigned or used the Subject Number, or that provided messaging services for the Subject Number. You need not produce every responsive document; a document sufficient to supply the identifying information requested satisfies that request.

2. Do not produce the contents of any communication, including the text or body of any message sent from or to the Subject Number.

3. If any responsive document is withheld on a claim of privilege or other protection, provide a log identifying the document and the basis for the claim, as required by Fed. R. Civ. P. 45(e)(2).

4. If You contend that any request is objectionable in whole or in part, respond to the portion not objected to and state the basis for the objection as to the remainder.

5. Preserve all documents and information responsive to this subpoena pending Your response.

6. Electronically stored information should be produced in a reasonably usable form. Documents may be produced in PDF format.

## DOCUMENTS REQUESTED

REQUEST NO. 1: Documents sufficient to identify the subscriber, accountholder, or customer of record to whom the Subject Number was assigned at any time during the Relevant Period, including that person's or entity's name, physical address, mailing address, telephone number, and email address.

REQUEST NO. 2: Documents sufficient to show the billing name and billing address, and any registration or identity-verification information, associated with the assignment or use of the Subject Number during the Relevant Period.

REQUEST NO. 3: Documents sufficient to identify any downstream reseller, aggregator, messaging provider, or other person or entity through which text messaging services were provided for, or short message service (SMS) traffic was sent from, the Subject Number during the Relevant Period, including that person's or entity's name, physical address, telephone number, and email address.

# EXHIBIT 2

Response of Bandwidth Legal Department, dated August 27, 2026
(Request No. 189168)

**Mark Javitch <mark@javitchlawoffice.com>**

## [Bandwidth] Re: Notice of Service of Process - Transmittal Number:34625869

1 message

**Linda (Bandwidth Legal Department)** <uslawenforcement@bandwidth.com> Thu, Aug 27, 2026 at 2:31 PM
Reply-To: Bandwidth Legal Department <uslawenforcement@bandwidth.com>
To: Mark Javitch <mark@javitchlawoffice.com>

Your request (189168) has been updated. To add additional comments, reply to this email.

---

**Linda** (Bandwidth)
Aug 27, 2026, 5:31 PM EDT

**Matter Name: Colby Rinker vs. John Doe d/b/a "NE Roofing,"**
**Case Number: 8:26-cv-00349**

Thank you for contacting us.

Please be aware that Bandwidth.com CLEC LLC, on which you served your subpoena, is not the proper entity for your request. Bandwidth.com CLEC, LLC, which is a subsidiary of Bandwidth Inc., does not have information responsive to your subpoena. In this instance, to save you the trouble of re-serving the subpoena on Bandwidth Inc., we are responding with the information below.

Bandwidth writes in response to your email dated July 17, 2026, and subpoena dated July 22, 2026.

Your email requests customer information and records for *SMS services* related to telephone number 402-259-0196. This number was not on the Bandwidth network for SMS during the specified time period; accordingly, we have no responsive customer records for SMS use.

Your subpoena, however, requests customer information (not limited to

SMS services) for the same telephone number. During the subpoena's specified time period, the identified telephone number was assigned to a wholesale customer of Bandwidth for *voice services* only. The name and contact information of this wholesale customer is:

Peerless Networks, Inc.
222 South Riverside Plaza, Ste 2730
Chicago, IL 60606

Contact:
Julie Oost
Email: joost@peerlessnetwork.com
Telephone: 312-878-4137
Fax: 650-287-2628

As a wholesale provider, Bandwidth does not provide services to or have a relationship with the subscriber (end user) of a telephone number. Bandwidth's wholesale customer, above, is the service provider to the subscriber and the entity that can identify the subscriber.

Because Bandwidth's wholesale customer may obtain services from other wholesale providers in addition to Bandwidth, the wholesale customer is the only source for complete records and information relating to the telephone number and subscriber. While Bandwidth may, in some instances, have call records related to the telephone number in your request, they would be limited to calls that were on our network, and would not identify the subscriber. For complete subscriber information and records, you will need to contact the wholesale customer directly.

If you have any further questions, please let us know.

Regards,

Linda
Law Enforcement Response Team
Bandwidth Legal Department
View our Law Enforcement
Guide https://www.bandwidth.com/legal.

---

**sop@cscglobal.com**
Jul 27, 2026, 6:43 PM EDT

CSC

Notice of Service of Process - Subpoena

Pursuant to client instructions, we are forwarding this summa
Service of Process.

| | |
|---|---|
| **Document Type** | Subpoena |
| **Matter Name** | Colby Rinker vs. John Doe d/b/a "NE Roofing," (1! |
| **Case Number** | 8:26-cv-00349 |
| **Court** | U.S. District Court, Nebraska |

VIEW MY DOCUMENT

| | |
|---|---|
| **Entity** | Bandwidth.com CLEC, LLC |
| **Entity I.D. Number** | 2549204 |
| **Entity Served** | Bandwidth.Com Clec, LLC |
| **Nature of Case** | Information/Appearance Request |
| **Jurisdiction Served** | Delaware |
| **Date Served on CSC** | 07/27/2026 |
| **Answer or Appearance Due** | 08/28/2026 |
| **Originally Served On** | CSC |
| **How Served** | Personal Service |

**Send**
**Javitch L**
**650-781-8**

**Primary C**
**Legal De**
Bandwidth

**Electroni**
**legal@ba**
**ljfreeman**
**uslawenf**

## What are your next steps?

Click the link to view and acknowledge your document

Contact your attorney to review

## Who is CSC?



CSC® is the world's leading provider of business, legal, tax a
services to companies around the globe. From keeping your
and streamlining operations, to protecting and promoting you
our expertise and personal approach to help your business ru

### What is SOP?

Service of Process (SOP) generally refers to the notice provi
initiation of a lawsuit. More broadly, in the context of a registe
documents related to litigation, wage garnishments, bankrupt
subpoenas and other legal matters where your organization r
capacity.

### Why are we contacting you?

As your registered agent, CSC is responsible for receiving se
(lawsuits, subpoenas, wage garnishments, etc.) on your orga
notification provides some of the basic descriptive details rela
CSC has received in this capacity. Click the link above to view
document, so you can assess the required or appropriate res

**All service must be acknowledged. If you are unable to v
click here to view other options.**

**To review other documents in this matter, please link to C Management Services at www.cscglobal.com**

---

**Information contained on this transmittal form is for record keep forwarding the attached document(s). It does not constitute a leg is responsible for interpreting the document(s) and taking approp**

Copyright ©2021 Corporation Service Company.
All rights Reserved

251 Little Falls Drive
Wilmington, Delaware 19808-1674
(888)-690-2882
sop@cscglobal.com

To unsubscribe from this group and stop receiving emails from it, send an email to uslawenforcement+unsubscribe@bandwidth.com.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments from Bandwidth contains information which is CONFIDENTIAL AND/OR LEGALLY PRIVILEGED. The information is intended only for the use of the individual named above and may not be disseminated to any other party without written permission. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, disclosure, distribution, copying or taking of any action in reliance on the contents of this e-mailed information is strictly prohibited. If you have received this transmission in error, please immediately notify uslawenforcement@bandwidth.com, and permanently delete this e-mail and the attachments hereto, if any, and destroy any printout thereof.

This email is a service from Bandwidth.

8:26-cv-00349-RCC Doc # 6-3 Filed: 09/02/26 Page 13 of 13 - Page ID # 84

bandwidth

THE POWER TO COMMUNICATE

Privacy Notice

[MMJNX2-2DJR4]